## Commonwealth v. Gray

*Richard E. McCormick*, District Attorney, for Commonwealth.

*Norman Cortez Gray, Jr.*, p.p.

O'Connell, P. J., July 17, 1962.—Defendant in this case was charged at the above number and term with armed robbery and with violation of the Uniform Firearms Act. On February 16, 1961, defendant was accused of entering the First National Bank in Herminie, Pennsylvania, and with the aid of a 32 caliber

revolver intimidating the cashier and put him in bodily fear of his life and he did then and there feloniously and violently rob, seize, take, steal and carry away from the First National Bank the sum of $22,900. Defendant was apprehended while fleeing from the scene of the crime, by members of the Pennsylvania State Police Force and by the North Huntingdon Township Police. Defendant was arrested, counsel was appointed to represent him and he was duly tried and convicted. There were no irregularities during the trial.

Defendant, following his conviction, has been attempting by numerous means and by various petitions to harass and annoy this court. He has discharged his counsel and has insisted on presenting and filing his own motion for a new trial, and arguing same. The case was continued several times for his convenience and we now have before us his motion for a new trial.

Defendant's reasons advanced for a new trial are as follows:

1. That during the course of the proceedings against him, defendant did not have adequate counsel;

2. That defendant was arrested without a warrant;

3. That defendant was detained an unreasonable period of time before receiving a preliminary hearing;

4. That defendant was denied a psychiatric examination prior to trial;

5. That defendant was not arraigned in accordance with State law;

6. That defendant was denied the right to personally speak out against certain irregularities during the course of the trial;

7. That during the trial defendant was personally denied the right to properly have certain exceptions noted;

8. That defendant was forced to wait until after the verdict before being permitted to record a few of his numerous exceptions;

9. That the court erred in the admission of the statement offered by the Commonwealth;

10. That the court erred in the rejections of certain defense witnesses;

11. That the court erred in the charge to the jury;

12. That the court erred by imposing sentence immediately after the verdict, and after defendant had clearly stated that a motion for a new trial would be filed.

During the trial of this case it was evident that this defendant was attempting to convince not only the court, but the jury that he was, as he put it, temporarily insane, or insane at the time of the commission of the crime, but he was also attempting to make it appear that he was mentally deranged at the time of the trial. He refused to listen to his counsel and insisted upon making his own address to the jury, which was permitted, and since that time has been harassing and annoying this court with these petitions.

Defendant was escorted from the penitentiary to the Courthouse in Greensburg, Pennsylvania, for the purpose of arguing his own motion for a new trial, which he insisted upon, and his argument was based generally on the fact that no exceptions were allowed to the court's rulings, and although it was explained to him it was no longer necessary to take these exceptions, he still insisted upon arguing that exceptions should have been taken to the ruling of the court.

It is also to be noted that he has for spectacularism or for some other unknown reason filed suit against the court appointed attorneys who represented him during the trial, contending that he was negligently and inadequately represented.

All of these arguments are as ridiculous as the argument that he was arrested without a warrant. He was arrested while fleeing from the scene of the crime and

was caught at a farm house not far from the scene, and a great deal of money was recovered at the time and they were able to learn where the balance of the money was hidden.

We find no error in the trial or in the charge of the court, and all of defendant's motions and reasons for new trial be, and the same are, hereby dismissed.

We, therefore, enter the following

### Decree

And now, July 17, 1962, defendant's motion for new trial be, and the same is hereby dismissed.